JUSTICE COTTER,
dissenting.
¶115 I dissent from the Court’s denial of Beach’s petition. While I agree with some of the arguments set forth in both Justice Wheat’s and Justice Shea’s dissents, I write separately to assert that, even if one were to accept the Plurality Opinion’s analysis of retroactivity, reversal and remand is still required because the Miller sentencing consideration rule is a substantive rule which should be applied retroactively to Beach’s claim on collateral review.
¶116 In Schriro v. Summerlin, the United States Supreme Court held that substantive rules apply retroactively, and it included as a substantive rule one which “alters the range of conduct or the class of persons that the law punishes” and “placets] particular conduct or persons covered by the statute beyond the State’s power to punish.” It observed that within this category are rules that prohibit punishment for a class of defendants because of their status or offense. Schriro, 542 U.S. at 352-53, 124 S. Ct. at 2522-23. Youth is clearly a “status.” As observed in Wilson, 233 Cal. App. 4th 544 (2015) (review granted April 15, 2015, S224745, briefing deferred), the Schriro court concluded that “[s]uch rules apply retroactively because they carry a significant risk that a defendant... faces a punishment that the law cannot impose upon him.” In re Wilson, 233 Cal. App. 4th at 559-60 (quoting Schriro, 542 U.S. at 352, 124 S. Ct. at 2523) (internal quotation marks omitted). Here, that punishment is Beach’s effective sentence of life without parole.
¶117 As the Plurality Opinion correctly observes, Miller requires a sentencing court to “ ‘follow a certain process’ before imposing a life without parole sentence on a juvenile.” Opinion, ¶ 32. The Plurality Opinion seizes upon the reference to “process” and concludes citing Schriro that the sentencing consideration rule under Miller “regulates only the manner of determining a sentence,” (Opinion, ¶ 39), and is therefore procedural. I disagree. I would conclude, as did the Court of Appeals of California on April 16,2015, that Miller announces a new substantive rule, which should be retroactively applied to cases on collateral review.
¶118 In Willover, the court addressed the 1999 conviction and sentence of a 17-year-old defendant who was convicted of two counts of first-degree murder, together with other crimes. In re Willover, 2015 Cal. App. LEXIS 322 (Cal. App. 6th Dist. Apr. 16,2015). Willover was *117 sentenced to two consecutive life without parole terms (LWOP) for the first-degree murders, with additional imprisonment terms imposed for the other crimes. The court noted that at the time of the 1999 sentencing hearing, a California statute had been construed as creating a presumption in favor of life without parole as the appropriate penalty for juveniles convicted of “special circumstance murder.” In re Willover, 2015 Cal. App. LEXIS 322 at *9. However, the sentencing scheme was not mandatory.
¶119 Apropos of the foregoing reference by the Plurality Opinion to “process,” and citing cases from other courts around the country, the Willover court concluded that Miller
effectively “alter[ed] the range of conduct or the class of persons that the law punishes” [ Schriro, 542 U.S. at 353, 124 S. Ct. at 2523], in that it barred LWOP sentences for juvenile homicide offenders unless the sentencing court determines, after a consideration of a number of case-specific substantive factors, that the defendant is “ ‘the rare juvenile offender whose crime reflects irreparable corruption.’ [citations].” [Miller, 132 S. Ct. at 2469]. Miller did not simply set forth a new rule regulating “the manner of determining the defendant’s culpability,” but a rule that sets forth the specific considerations to be made during a sentencing decision. [Schriro, 542 U.S. at 353, 124 S. Ct. at 2523].
In re Willover, 2015 Cal. App. LEXIS 322 at *20-21 (emphasis in original). Thus, the court concluded that Miller announced a substantive rule.
¶120 The Willover court also found it significant that when the Supreme Court granted relief in Miller, it granted relief in the companion case of Jackson v. Hobbs, directing that the defendant in that case also be given a new sentencing hearing. In re Willover, 2015 Cal. App. LEXIS 322 at *21. Notably, Jackson arose on collateral review, and yet the Supreme Court saw no reason to direct a different outcome in that case, suggesting that the Miller court may have considered its decision substantive.
¶121 As the Plurality Opinion observes at ¶ 35, there is a split of authority on the question of whether Miller announces a procedural or a substantive rule. In fact, the Supreme Court very recently granted a petition for writ of certiorari in Montgomery v. Louisiana, No. 14-280, on the question of whether Miller should be applied retroactively. See State v. Montgomery, 141 So. 3d 264, 2014 La. LEXIS 1538 (2014), cert, granted, sub nom. Montgomery v. Louisiana, 2015 U.S. LEXIS 1942 (U.S. Mar. 23,2015). In concluding that the rule in Miller is procedural rather than substantive, the Plurality Opinion finds company in the *118 decisions of other courts. However, so too does this Dissent. The question is clearly unsettled.
¶122 Among the factors cited in Miller as appropriate for consideration at sentencing sire “chronological age and its hallmark features-among them, immaturity, impetuosity, and failure to appreciate risks and consequences.” Miller, 132 S. Ct. at 2468. In Graham, 560 U.S. at 79, 130 S. Ct. at 2032, the Supreme Court stated: “Life in prison without the possibility of parole gives no chance for fulfillment outside prison walls, no chance for reconciliation with society, no hope. Maturity can lead to that considered reflection which is the foundation for remorse, renewal, and rehabilitation.” The Supreme Court recognized that life without parole “forswears altogether the rehabilitative ideal” and ‘improperly denies the juvenile offender a chance to demonstrate growth and maturity.” Graham, 560 U.S. at 73-74, 130 S. Ct. at 2029-30.
¶123 I would conclude that the rule in Miller is substantive and that Beach should be resentenced. I would direct the court on remand to take into account Beach’s youth at the time his crime was committed, as well as Beach’s demonstration of growth and maturity over the past thirty years. As Willover instructs, I would direct the court to determine upon consideration of these factors whether Beach is or is not “the rare juvenile offender whose crime reflects irreparable corruption.” In re Willover, 2015 Cal. App. LEXIS 322 at *20 (quoting Miller, 132 S. Ct. at 2469). I therefore dissent from the Court’s denial of Beach’s petition.